FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 JAN 12 PM 2: 23

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:07CR2 |
| | ) | |
| PLASTRGLAS, INC., | ) | **PLEA AGREEMENT** |
| | ) | |
| Defendant. | ) | |

The United States of America (hereafter United States or plaintiff) and PLASTRGLAS, INC. (hereafter you or defendant) agree:

I

Defendant agrees to waive Indictment and plead guilty to an Information in Criminal Case Number 8:07CR **2** charging Defendant with:

> On or before December 8, 2006, within the District of Nebraska, Defendant PLASTRGLAS, INC., did knowing or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, concealed, harbored, or shielded from detection, or attempted to conceal, harbor, or shield from detection, such alien in any place, including any building or any means or transportation, a felony.

Further, as noticed in the forfeiture allegation of the Information, Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii)(I), the proceeds obtained directly or indirectly from the commission of the offense to which Defendant is pleading guilty, which proceeds total $45,000.00.

Defendant agrees to tender the $45,000.00 criminal forfeiture to U.S. Immigration and Customs Enforcement, $5,000.00 costs to the U.S. Marshall's Service, and the $51,000.00 fine to

the Clerk of Court for the District of Nebraska at the time of sentencing. The payment will be by cashier's checks pursuant to written instructions provided by the United States.

Defendant agrees that this plea agreement will be executed by an authorized corporate representative and counsel, and that the certifications contained at Exhibits 1 and 2 of this plea agreement will be executed prior to the filing of this plea agreement with the Court. Defendant further agrees that a Resolution duly adopted by Defendant's Board of Directors, in the form attached to this plea agreement as Exhibit 3, or in a substantially similar form, represents that the signatures on this plea agreement by Defendant and its counsel are authorized by Defendant's Board of Directors.

## II

## PENALTIES

Defendant understands that the Information to which Defendant is pleading guilty carries the following penalties:

- A. a maximum of ten years in prison;
- B. a maximum $500,000 fine;
- C. a mandatory special assessment of $400.00 per count; and
- D. a term of supervised release of three years.
- E. mandatory forfeiture of all property that constitutes or is derived from proceeds traceable to the offense to which Defendant is pleading guilty (18 U.S.C. § 982(a)(6)(A)(ii)(I) and (a)(6)(B)).

III

## WAIVER OF EIGHTH AMENDMENT RIGHTS AS TO THE FORFEITURE

Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding.

IV

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea; and

D.   Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

V

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICES FOR THE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska. This plea agreement cannot bind any other federal, state or local prosecuting,

administrative, or regulatory authorities, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VI

## SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in Title 18, United States Code, Section 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the United States have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## VII

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The United States has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the

maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the United States is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

## VIII

## PARTIES' SENTENCING RECOMMENDATIONS

A.  SPECIAL ASSESSMENT

The parties will jointly recommend that Defendant pay a special assessment in the amount of $400 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

B.  FINE/RESTITUTION

The parties do recommend imposition of a fine of $51,000.00 to Defendant, PLASTRGLAS, INC., payable to the Clerk of Court for the District of Nebraska, due in full at the time of sentencing.

The parties do recommend imposition of $5,000.00 of costs associated with this investigation/prosecution to be imposed on Defendant, PLASTRGLAS, INC, payable to the U.S. Marshall's Service, due in full at the time of sentencing.

C. ORGANIZATIONAL PROBATION

The parties will recommend that Defendant be placed on supervised release for a term of three years. During the term of supervised release, Defendant agrees to comply with the following special conditions:

1. Defendant agrees not to knowingly hire, recruit, or employ aliens who are without legal authorization to work within the United States.

2. Defendant will implement and maintain a compliance program to verify that all of its offices are taking reasonable steps to comply with immigration laws in their employment practices. The compliance measures will include:

    a. Participating in the Department of Homeland Security and Social Security Administration's Basic Pilot Employment Verification Program.

    b. Placing postings in all of Defendant's employment offices advising applicants of Defendant's participation in the Basic Pilot Program and use of Systematic Alien Verification for Entitlements.

    c. Advising job applicants on Defendant's website of its participation in the Basic Pilot Program and requesting that applicants not apply if they are without legal authorization to work within the United States.

    d. Providing a Spanish translation of Section 1 of the Form I-9 for Spanish-speaking applicants to ensure that these applicants fully understand the attestation made when they complete the Form I-9.

    e. Amending Defendant's job application, printed in both English and Spanish, to require applicants to state whether they have previously worked for the company, and remind them of Defendant's participation in the Basic Pilot Program.

    f. Checking the names of all new hires against any "No Hire" lists provided by ICE.

       g.      Holding Form I-9 compliance workshops for all of Defendant's employees who take part in the new hire process.

       h.      Contacting State and local workforce agencies to recruit legal workers, publish advertisements in local newspapers, and place online advertisements.

       i.      Resolving any anomalies between social security numbers and names within 60 days of notice by the Social Security Administration.

3.    Defendant will train all of its managers and personnel responsible for hiring regarding their legal obligations to prevent the knowing hiring, recruitment, and continued employment of unauthorized aliens.

4.    Defendant will secure and satisfy payment of the $45,000.00 forfeiture.

D.    <u>FORFEITURE</u>

As noted in detail in Section I of this plea agreement, the parties agree that Defendant will forfeit $45,000.00 to the U.S. Immigration and Customs Enforcement (18 U.S.C. § 982(a)(6)(A)(ii)(I)). The forfeiture will be completed in full, in a manner acceptable to the United States, at the time of sentencing.

### IX

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the United States' concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any fine, restitution, or forfeiture order. If Defendant believes the United States' recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

## X

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XI

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XII

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XIII

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

_1/10/07_
Date

*[signature]*
DAVE WILSON, President
PLASTRGLAS, INC.

_1/10/07_
Date

*[signature]*
MICHAEL L. SCHLEICH (#13690)
Fraser Stryker Meusey Olson Boyer & Bloch
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000


UNITED STATES OF AMERICA,
Plaintiff

JOE W. STECHER
United States Attorney

_1/10/07_
Date

By: *[signature]*
CHRISTIAN A. MARTINEZ (# 21876)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

9

EXHIBIT 1

## DIRECTOR'S CERTIFICATE

I have read this plea agreement and carefully reviewed every part of it with counsel for PLASTRGLAS, INCORPORATED. ("PLASTRGLAS"). I understand the terms of this plea agreement and voluntarily agree, on behalf of PLASTRGLAS, to each of the terms. Before signing this plea agreement, I consulted with the attorneys for PLASTRGLAS. The attorneys fully advised me of PLASTRGLAS' rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this plea agreement. No promises or inducements have been made to PLASTRGLAS other than those contained in this plea agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this plea agreement on behalf of PLASTRGLAS, in any way to enter into this plea agreement. PLASTRGLAS is also satisfied with counsel's representation in advising the company regarding this plea agreement. I certify that I am the Chairman of the Board of Directors of PLASTRGLAS, and that I have been duly authorized by PLASTRGLAS to execute this plea agreement on behalf of PLASTRGLAS.

_____  
DAVE WILSON  
Chairman of the Board of  
DEFENDANT PLASTRGLAS, INC.

1/10/07  
DATE

EXHIBIT 2

CERTIFICATE OF COUNSEL

I am counsel for PLASTRGLAS, INCORPORATED ("PLASTRGLAS"). In connection with such representation, I have examined relevant PLASTRGLAS documents, and have discussed this plea agreement with the authorized representative of PLASTRGLAS. Based on my review of the foregoing materials and discussions, I am of the opinion that:

1. Dave Wilson is duly authorized to enter into this plea agreement on behalf of PLASTRGLAS.

2. This plea agreement has been duly and validly authorized, executed and delivered on behalf of PLASTRGLAS, and is a valid and binding obligation of PLASTRGLAS.

Further, I have carefully reviewed every part of this plea agreement with PLASTRGLAS' Board of Directors. I have fully advised the Board of Directors of PLASTRGLAS' rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this plea agreement. To my knowledge, PLASTRGLAS' decision to enter into this plea agreement is an informed and voluntary one.

_____
MICHAEL L. SCHLEICH
Attorney for PLASTRGLAS, INC.

1/10/07
DATED

**Exhibit 3**
**CERTIFIED COPY OF RESOLUTION**

Upon motion duly made by President Dave Wilson, and unanimously carried by the affirmative vote of all the Directors present, the following resolutions were adopted:

RESOLVED, that PLASTRGLAS, INCORPORATED ("PLASTRGLAS"), which has been the subject of an investigation by the United States Department of Justice, consents to a settlement of the investigation and will, in the District of Nebraska, enter a plea of guilty to an Information charging PLASTRGLAS with knowing or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, concealed, harbored, or shielded from detection, or attempted to conceal, harbor or shield from detection, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii); and

RESOLVED FURTHER, that PLASTRGLAS will forfeit $45,000.00 to the United States. This amount represents the direct proceeds of the conduct to which PLASTRGLAS is pleading guilty. The forfeiture will be completed in full, in a manner acceptable to the United States, at the time of sentencing; and

RESOLVED FURTHER, that Dave Wilson, the President of the Corporation, be, and hereby is, authorized to waive indictment, enter a plea of guilty to the Information, and agree to the forfeiture allegation substantially in such form as reviewed by the Board of Directors at this meeting; and

RESOLVED FURTHER, that Dave Wilson, the President of the Corporation, be, and hereby is, authorized to execute the plea agreement on behalf of the Corporation substantially in such form as reviewed by this Board of Directors at this meeting.

I, Dave Wilson, hereby certify that I am the duly elected Secretary of PLASTRGLAS; that the foregoing is a full, true and correct copy of resolutions duly adopted by the Board of Directors of said Corporation, at a meeting thereof duly held at the office of the Corporation, in Omaha, Nebraska, and have not been rescinded or revoked; and that the foregoing resolutions are not contrary to any provisions in the Articles of Incorporation or Bylaws of PLASTRGLAS.

IN WITNESS WHEREOF, I have hereunto signed my name as Secretary and affixed the seal of said Corporation this _10_ day of _January_, _2007_.

[SEAL]

Dave Wilson, Secretary of the Board of Directors
PLASTRGLAS

W0437534.01