## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
      **Plaintiff**

v.                                                Case Number 8:07CR2-001

                                                   USM Number

**PLASTRGLAS**
      **Defendant**

                                                 MICHAEL L. SCHLEICH

                                                 Defendant's Attorney

_____

### NUNC PRO TUNC
### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Information on January 12, 2007.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 8:1324(a)(1)(A)(iii) - ENCOURAGE/INDUCE ALIEN TO ENTER/RESIDE IN THE UNITED STATES | December 8, 2006 | I |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                        Date of Imposition of Sentence:
                                                                  March 30, 2007

                                                                        s/ Lyle E. Strom
                                               Senior United States District Judge

                                                                            May 9, 2007

Defendant: PLASTRGLAS  Page 2 of 6
Case Number: 8:07CR2-001

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: PLASTRGLAS  
Case Number: 8:07CR2-001  
Page 3 of 6

# PROBATION

The defendant is hereby sentenced to probation for a term of **three (3) Years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: PLASTRGLAS  Page 4 of 6
Case Number: 8:07CR2-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall report to the probation office in the District of Nebraska within 72 hours of sentencing.

2. The defendant shall not commit another federal, state or local crime.

3. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

5. Plastrglas will not knowingly hire, recruit, or employ aliens who are without legal authorization to work within the United States.

6. The defendant will implement and maintain a compliance program to verify that all of its offices are taking reasonable steps to comply with immigration laws in their employment practices. The compliance measures will include:

7. The defendant will participate in the Department of Homeland Security and Social Security Administration Basic Pilot Employment Verification Program.

8. The defendant will place postings in all of the defendant's employment offices advising applicants of the defendant's participation in the Basic Pilot Program and use of Systematic Alien Verification for Entitlements.

9. The defendant will advise job applicants on the defendant's website of its participation in the Basic Pilot Program and requesting that applicants not apply if they are without legal authorization to work within the United States.

10. The defendant will provide a Spanish translation of Section 1 of the Form I-9 for Spanish speaking applicants to ensure that those applicants fully understand the attestation made when they complete Form I-9.

11. The defendant will amend the defendant's job application, printed in both English and Spanish, to require applicants to state whether they have previously worked for the company, and remind them of the defendant's participation in the Basic Pilot Program.

12. The defendant will check the names of all new hires against any "No Hire" lists provided by ICE.

13. The defendant will hold Form I-9 compliance workshops for all of the defendant's employees who take part in the new hire process.

14. The defendant will recruit legal workers, publishing advertisements in local newspapers, and placing online advertisements.

15. The defendant will resolve any anomalies between Social Security numbers and names with 60 days of notice by Social Security Administration.

16. The defendant will train all of its managers and personnel responsible for hiring regarding their legal obligations to prevent the knowing hiring, recruitment, or continued employment of unauthorized aliens.

Defendant: PLASTRGLAS  Page 5 of 6
Case Number: 8:07CR2-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Financial Penalties** | **Total Restitution** |
|---|---|---|
| $400.00 (paid) | $101,000.00 | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

interest requirement is waived.

## TOTAL FINANCIAL PENALTIES

A Fine in the amount of $51,000 is imposed;  $45,000 criminal forfeiture to U.S. Immigration and Customs Enforcement and  $5,000 costs to the U.S. Marshall's Service.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $400.00.  The special assessment was paid to the Office of the Clerk, District of Nebraska on March 30, 2007, receipt number 8-3691.

The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program.  Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments

Defendant: PLASTRGLAS  
Case Number: 8:07CR2-001

Page 6 of 6

of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk